# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ARIEL LEON,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WYNN LAS VEGAS, LLC, d/b/a WYNN LAS VEGAS RESORT AND CASINO, d/b/a WYNN LAS VEGAS,<br><br>　　　　　　Defendant. | Case No. 2:19-cv-01830-GMN-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Ariel Leon's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). Leon's in forma pauperis application is granted and his complaint is dismissed without prejudice.

## DISCUSSION

Leon's filings present two questions: (1) whether Leon may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Leon's complaint states a plausible claim for relief.

**I.    Whether Leon May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff declares that in the past 12 months he has received no wages, and that he receives social security in the amount of $1, 109.00, a culinary pension in the amount of $297.00, and food stamps in the amount of $39.00. (*Id.* at 1). Plaintiff itemizes multiple expenses, including $454.95 per month for housing

and $160.00 per month for groceries. (*Id.* at 2). Plaintiff's application to proceed in forma pauperis is granted.

## II.     Whether Leon's Complaint States a Plausible Claim

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)). The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should

be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff alleges that after he experienced adverse disciplinary acts, the defendant terminated his employment on December 31, 2015. (ECF No. 1-1 at 5). Plaintiff alleges that the defendant violated Title VII of the Civil Rights Act of 1942, 42 U.S.C. § 2000e-5, and the Nevada anti-discrimination statue, NRS § 613.310, when he was "treated disparately, subjected to hostile work environment, and subsequently retaliatorily terminated." (*Id.* at 1-10). Plaintiff additionally brings a claim against defendant for intentional infliction of emotional distress. (*Id.* at 11). Plaintiff also filed a sealed notice regarding his statement of the case and a second notice regarding his statement of the case. (ECF Nos. 5 and 6).

Before a plaintiff can bring an action for alleged violations of Title VII, he must file a timely charge of discrimination with the Equal Employment Opportunity Commission[1] within 300 days of the discriminatory act and then file suit within 90 days of receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(e)(1) & (f)(1). "This ninety-day period is a statute of limitations." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir.1997), cert. denied, 522 U.S. 858 (1997). Title VII claims filed beyond the ninety-day period are subject to dismissal under Rule 12(b)(6). See e.g., *Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir. 1992); see also *Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 807 (9th Cir. 1996) ("If the claimant does not file within this 90-day period, the action is barred."). Compliance with the 90–day filing requirement is a condition precedent to filing in federal court, which acts like a statute of limitations. See, e.g., *Million v. Frank*, 47 F.3d 385, 389 (10th Cir.1995). The statute-of-limitations in

---

[1] Plaintiff also could have filed his charge with the Nevada Equal Rights Commission because, "a charge filed with the state agency before the 300-day filing deadline expires is deemed automatically filed with the EEOC on that same day." *Laquaglia v. Rio Hotel & Casino, Inc*., 186 F.3d 1172, 1175 (9th Cir. 1999).

3

Nevada for injuries to the person, including intentional infliction of emotional distress, is two-years pursuant to Nev. Rev. Stat. § 11.190(4)(e).

Plaintiff alleges that he submitted his charge of discrimination to EEOC, and on April 14, 2016, the EEOC sent plaintiff a right-to-sue letter. (*Id.* at 2). Plaintiff filed the instant in forma pauperis application and complaint on October 18, 2019. (*Id.*) Plaintiff filed the instant complaint over three years after he received his right-to-sue letter. Plaintiff further filed his intentional infliction of emotional distress claim over four years after the alleged incidents. On the face of the complaint, it appears that plaintiff's claims are time-barred. Regarding plaintiff's notices, pursuant to Local Rule 15-1, plaintiff's complaint must be "complete in itself." The two notices that plaintiff filed (ECF Nos. 5 and 6) are not supplements to his complaint. The Court further notes that on July 12, 2016, and again on June 1, 2018, the plaintiff filed complaints that allege identical facts and claims in this Court. (See *Leon v. Wynn Las Vegas LLC*, No. 2:16-cv-01623-GMN-GWF (D. Nev. 2016) and *Leon v. Wynn Las Vegas LLC*, No. 2:18-cv-00992-APG-NJK (D. Nev. 2018)). The Court dismissed both cases without prejudice. It appears unlikely that plaintiff can overcome the deficiencies outlined above, but the Court will permit the plaintiff one last opportunity to amend the complaint.

ACCORDINGLY,

IT IS ORDERED that plaintiff Leon's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Leon's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Leon has until December 27, 2019, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that

4

addresses the deficiencies noted in this order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 27th day of November 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5