1

2
## UNITED STATES DISTRICT COURT

3
### DISTRICT OF NEVADA

4
***

ARIEL LEON,

5
            Plaintiff,                                    Case No. 2:19-cv-01830-GMN-VCF

6
vs.                                                                          **ORDER**

7
WYNN LAS VEGAS, LLC, d/b/a WYNN LAS
VEGAS RESORT AND CASINO, d/b/a WYNN              **-and-**

8
LAS VEGAS,
                                                                             **REPORT AND RECOMMENDATION**

9
            Defendant.                                   MOTION TO EXTEND TIME [ECF NO. 4];

10
                                   AMENDED COMPLAINT [ECF NO. 9]

11

12
      Before the Court are pro se plaintiff Ariel Leon's motion to extend time (ECF No. 4) and his

13
amended complaint (ECF No. 9).  Leon's motion for an extension of time to serve process is denied as

14
not ripe. Leon's amended complaint should be dismissed with prejudice.

15
### DISCUSSION

16
      On October 18, 2019, plaintiff filed an application to proceed in forma pauperis and complaint.

17
(ECF Nos. 1 and 1-1).  The complaint alleged that the defendant violated Title VII of the Civil Rights

18
Act of 1942, 42 U.S.C. § 2000e-5, and the Nevada anti-discrimination statue, NRS § 613.310, when he

19
was "treated disparately, subjected to hostile work environment, and subsequently retaliatorily

20
terminated." (*Id.* at 1-10). Plaintiff also brought a claim against defendant for intentional infliction of

21
emotional distress. (*Id.* at 11). The Court granted the application to proceed in forma pauperis and

22
dismissed the complaint with leave to amend, finding that, "[o]n the face of the complaint, it appears

23
that plaintiff's claims are time-barred." (ECF No. 7 at 4).

24
      On October 31, 2019, the plaintiff filed a motion for an extension of time. (ECF No. 4). The

25
motion appears to ask the Court for an extension on service of process. (*Id.* at 1). On December 13,

2019, plaintiff filed his first amended complaint. (ECF No. 9). Leon again attempts to bring claims that are time-barred on its face. (*Id.*) The amended complaint adds one new claim for battery regarding an incident that occurred in 2015 (*Id.* at 2), but the rest of the amended complaint paraphrases the claims Leon discussed in detail in the first complaint.

Under 28 U.S.C. § 1915(e), upon granting a request to proceed *in forma pauperis*, a court must screen a complaint. The Court is given the authority to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  All material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood,* 846 F.2d 1202, 1203-04 (9th Cir.1988).

Before a plaintiff can bring an action for alleged violations of Title VII, he must file a timely charge of discrimination with the Equal Employment Opportunity Commission[1] within 300 days of the discriminatory act and then file suit within 90 days of receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(e)(1) & (f)(1). "This ninety-day period is a statute of limitations." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir.1997), cert. denied, 522 U.S. 858 (1997). Title VII claims filed beyond the

---

[1] Plaintiff also could have filed his charge with the Nevada Equal Rights Commission because, "a charge filed with the state agency before the 300-day filing deadline expires is deemed automatically filed with the EEOC on that same day." *Laquaglia v. Rio Hotel & Casino, Inc*., 186 F.3d 1172, 1175 (9th Cir. 1999).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

ninety-day period are subject to dismissal under Rule 12(b)(6). See e.g., *Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir. 1992); see also *Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 807 (9th Cir. 1996) ("If the claimant does not file within this 90-day period, the action is barred."). Compliance with the 90–day filing requirement is a condition precedent to filing in federal court, which acts like a statute of limitations. See, e.g., *Million v. Frank*, 47 F.3d 385, 389 (10th Cir.1995). The statute-of-limitations in Nevada for injuries to the person, including battery and intentional infliction of emotional distress, is two-years pursuant to Nev. Rev. Stat. § 11.190(4)(c) and (e).

Plaintiff alleges that he submitted his charge of discrimination to EEOC, and on April 14, 2016, the EEOC sent plaintiff a right-to-sue letter. (*Id*. at 2). Plaintiff filed the instant in forma pauperis application and complaint on October 18, 2019. (*Id*.) Plaintiff filed the instant complaint over three years after he received his right-to-sue letter. Plaintiff further filed his intentional infliction of emotional distress claim and battery claim over four years after the alleged incidents. Plaintiff's claims are time-barred.  Regarding the plaintiff's motion for an extension of time, the Court has not authorized service of process. The plaintiff's request for an extension of time to serve the defendants is denied as not ripe.

The Court further notes that on July 12, 2016, and again on June 1, 2018, the plaintiff filed complaints that allege identical facts and claims in this Court. (See *Leon v. Wynn Las Vegas LLC*, No. 2:16-cv-01623-GMN-GWF (D. Nev. 2016) and *Leon v. Wynn Las Vegas LLC*, No. 2:18-cv-00992-APG-NJK (D. Nev. 2018)). The Court dismissed both cases without prejudice.

Plaintiff has failed to state a claim upon which relief may be granted.  Because allowing an additional opportunity to amend the complaint would be futile, the complaint should be dismissed with prejudice.

ACCORDINGLY,

IT IS ORDERED that Leon's motion for an extension of time (ECF No. 4) is DENIED.

3

1

2

IT IS RECOMMENDED that plaintiff's amended complaint (ECF No. 9) be DISMISSED

WITH PREJUDICE and the case be closed.

3

## NOTICE

4

5

6

7

8

9

10

11

12

13

14

15

16

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.

Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written

notification with the court of any change of address. The notification must include proof of service upon

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel.

**Failure to comply with this rule may result in dismissal of the action.**

17

DATED this 2nd day of January 2020.

18

19

_____

CAM FERENBACH

UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25