**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARIEL LEON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-01830-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| WYNN LAS VEGAS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Cam Ferenbach, (ECF No. 10), which recommends that the case be dismissed with prejudice as time barred.  Plaintiff Ariel Leon ("Plaintiff") filed an Objection, (ECF No. 11), to the R&R.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).  Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The R&R recommends that the Court dismiss Plaintiff's Complaint with prejudice as the Title VII claim raised is time barred. (R&R 2:17–3:23).  Plaintiff objects, claiming that he received a right to sue letter on April 14, 2016; he originally raised his claims in a separate case filed on July 11, 2016; and he later filed "his same case" with "identical facts" in June of 2018

and again, in this case, on October 18, 2019. (Obj. 1:25–2:9).  Plaintiff implies that his present Complaint is timely because of its relation to his initial, timely-filed case. (*Id.*).

      Plaintiff is mistaken.  An otherwise timely claim may be rendered timely if it "relates back" to the filing date of a timely pleading that arises out of the same "conduct, transaction, or occurrence set forth . . . in the original pleading." *See Mayle v. Felix*, 545 U.S. 644, 649 (2005) (internal quotations omitted) (quoting Fed. R. Civ. P. 15(c)(1)(B)).  However, relation back only applies where a party amends a complaint outside the time in which he could have initiated the action; it generally does not apply across related actions. *See* Fed. R. Civ. P. 15(c)(1)(B).  Accordingly, Plaintiff's instant Complaint is untimely because it was filed more than ninety (90) days after the EEOC issued Plaintiff's right to sue letter, and this action is separate from that in which Plaintiff initially filed a timely complaint.

      Accordingly,

      **IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 10), is **ACCEPTED AND ADOPTED in full**.

      **IT IS FURTHER ORDERED** that the case is **DISMISSED with prejudice**.

      The Clerk of Court shall close the case.

      **DATED** this __7__ day of March, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court